IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| FRANK EDWARD BYRD, III | § | |
| VS. | § | CIVIL ACTION NO. 1:17cv504 |
| AARON TOMPKINS, ET AL. | § | |

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Frank Edward Byrd, III, an inmate formerly confined at the Stiles Unit, proceeding *pro se* and *in forma pauperis*, brought this civil rights suit pursuant to 42 U.S.C. § 1983.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends this action be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. No objections to the Report and Recommendation of United States Magistrate Judge were filed by the parties.

In addition to the reasons for dismissal set forth in the Magistrate Judge's report and recommendation, plaintiff's complaint is without merit for the following reasons as well. Plaintiff has no liberty interest in his security classification. *See Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.) ("An inmate has neither a protectible property nor liberty interest in his custody classification . . . ."), *cert. denied*, 488 U.S. 985 (1988). A prisoner does not have a basis for a civil rights claim for failure to protect simply because he disagrees with the classification decision made by

classification officials. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Further, deprivations of property by prison officials, even when intentional, do not violate the due process clause so long as an adequate post-deprivation remedy exists. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *see also Geiger v. Jowers*, 404 F.3d 3771, 374 (5th Cir. 2005) (concluding that plaintiff failed to state a claim regardless of whether the deprivation of property was the result of negligence or intentional misconduct). Texas provides such a remedy. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) (holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy); *Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983) (holding that a state action for damages is an adequate remedy), *cert. denied*, 464 U.S. 897 (1983). As a result, plaintiff has failed to establish his constitutional rights were violated in connection with the deprivation of property.

## O R D E R

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the **2** day of **January, 2019.**

Thad Heartfield
United States District Judge